156

## CIRCUIT COURT OF FAIRFAX COUNTY

Janet H. Kroft

v.

John M. Kroft

March 1, 2004

Case No. (Chancery) 185980

BY JUDGE DENNIS J. SMITH

This matter came before the Court on Commander Kroft's Motion to Dismiss for Lack of Jurisdiction. After oral arguments, the Court took the matter under advisement to further examine the issues.

On September 11, 2003, Mrs. Kroft filed a Bill of Complaint for divorce on the grounds of a one year separation. The parties were married in 1994 in Norfolk, Virginia; however, in her Bill of Complaint, Mrs. Kroft alleges that a common law marriage existed under the laws of South Carolina in 1990. No children were born of the marriage. The Defendant is on active duty in the United States Navy. She is seeking spousal support and equitable distribution of the marital assets, including Commander Kroft's military pension. On September 25, 2003, Commander Kroft was served with the Bill of Complaint by posting at his home in Alexandria, Virginia, by a special process server. Commander Kroft filed a Motion to Dismiss for Lack of Personal Jurisdiction on October 17, 2003, and the matter was set for a hearing on February 12, 2004.

At the hearing, Commander Kroft argued that he is a resident and domiciliary of Pennsylvania. To support this claim, he presented evidence which consisted of his 1999, 2001, and 2002 Pennsylvania tax returns, his Pennsylvania driver's license, his deed to a house in Pennsylvania, and his Pennsylvania Voter Registration Card. Mrs. Kroft argued that, even if Commander Kroft is a Pennsylvania resident and domiciliary, he was personally served within the borders of Virginia and therefore the Court has *in personam* jurisdiction over him.

The Supreme Court of the United States has consistently ruled that personal service within the borders of a state shall grant that state *in personam* jurisdiction over the person served.

> Among the most firmly established principles of personal jurisdiction in American tradition is that the courts of a State have jurisdiction over nonresidents who are physically present in the State. The view developed early that each State had the power to hale before its courts any individual who could be found within its borders, and that once having acquired jurisdiction over such a person by properly serving him with process, the State could retain jurisdiction to enter judgment against him, no matter how fleeting his visit.

*Burnham v. Superior Court of Cal., Marin County*, 495 U.S. 604, 610, 109 L. Ed. 2d 631, 110 S. Ct. 2105 (1990); *see generally Pennoyer v. Neff*, 95 U.S. 714, 24 L. Ed. 565 (1878).

In accordance with this long standing precedent, this Court has *in personam* jurisdiction over Commander Kroft and this suit for divorce shall proceed.

Next, Commander Kroft contests the jurisdiction of this Court to divide his military retirement pursuant to the United States Former Spouses Protection Act found at 10 U.S.C. § 1408(c)(4) (2002) (hereinafter "USFSPA"). USFSPA states:

> A Court may not treat the disposable retired pay of a member in the manner described in paragraph one unless the court has jurisdiction over the member by reason of (A) his residence, other than because of military assignment, in the territorial jurisdiction of the court, (B) his domicile in the territorial jurisdiction of the court, or (C) his consent to the jurisdiction of the court.

10 U.S.C. § 1408(c)(4) (2002).

Mrs. Kroft asserts that the evidence established that Commander Kroft voluntarily maintained and continues to maintain his place of abode in the Commonwealth of Virginia while he has been on military assignment outside of the territorial jurisdiction of Virginia. She points out that his permanent military assignment is in the District of Columbia, not in this Commonwealth. Mrs. Kroft claims that, since he chooses to live in Virginia and he is assigned to work at the State Department in the District of

Columbia, he is not in Virginia based upon his military assignment but rather his personal choice.

Where military benefits are at issue, Virginia's personal jurisdiction is preempted by USFSPA, even though Virginia retains subject matter jurisdiction over the divorce. *See Blackson v. Blackson,* 40 Va. App. 507, 524 (2003). This Court will analyze the issue of the military pension by examining the three subsections of 10 U.S.C. § 1408(c)(4).

First, the plain language of subsection (c)(4)(A) provides that this Court can only be authorized to divide military retired pay when the members "residence ... in the territorial jurisdiction of the court" is for some reason "other than because of military assignment." This Court finds that Commander Kroft established that he resides in Virginia solely because of his military assignment at the State Department in the neighboring jurisdiction of the District of Columbia.

Second, subsection (c)(4)(B) allows this Court to decree as to military retired pay if the member is domiciled in Virginia. The evidence clearly establishes (and Mrs. Kroft concedes) that Commander Kroft is a domiciliary of Pennsylvania; therefore, subsection (B) does not apply.

Finally, subsection (c)(4)(C) authorizes state courts to act with respect to military retired pay when the member consents to the jurisdiction of the Court. Commander Kroft has not expressly consented to the jurisdiction of this Court. A member can "consent" to jurisdiction through actions, as pointed out in the recent *Blackson* case, *supra.* A distinction can be drawn between *Blackson* and the present case, however, as in *Blackson* the spouse "consented" to jurisdiction by filing a cross-bill while, in the present case, the only pleading filed by Commander Kroft is a Motion to Dismiss. This cannot in any way be construed as "consent" to the jurisdiction of this Court; therefore, subsection (C) does not apply at this time.

Since the Court has *in personam* jurisdiction over Commander Kroft, he is granted fourteen days to file a responsive pleading to the Bill of Complaint should he choose to do so. At this point, however, the Court does not have jurisdiction over Commander Kroft's military pension.